[Doc. No. 42]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAROL BELL, on behalf of herself and those similarly situated, | Civil No. 08-6292 (RBK/AMD) |
| Plaintiff, | |
| v. | |
| LOCKHEED MARTIN CORPORATION, | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | |

This matter comes before the Court by way of motion [Doc. No. 42] of Plaintiff, Carol Bell, seeking leave to file a Second Amended Complaint to amend the class definition, assert new individual claims on behalf of Plaintiff, and add the individual claims of two new plaintiffs. Because Plaintiff seeks to add new parties, the Court considers the motion to amend under the permissive joinder rules of Federal Rule of Civil Procedure 20 as well as the amendment rules of Federal Rule of Civil Procedure 15. The Court held oral argument on the motion and required supplemental briefing on the issues raised by the parties. The Court has considered the submissions of the parties and the arguments of counsel, and for the reasons that follow, Plaintiff's motion for leave to amend is granted.

The background of this case is set forth in the Memorandum Opinion and Order dated June 23, 2010 concerning discovery issues,

and shall not be repeated herein.  Plaintiff brings this action on behalf of a putative class against Defendant, Lockheed Martin Corporation, for gender discrimination under Title VII of the Civil Rights Act of 1964 and 1991 as amended, 42 U.S.C. §§ 2000e et seq. (hereinafter, "Title VII").  (See Compl. [Doc. No. 1] ¶¶ 72-80, 106.)  Plaintiff further asserts claims for alleged violations of the New Jersey Law Against Discrimination, as amended, N.J. Stat. Ann. § 10:5-1 et seq. (hereinafter, "NJLAD"), on behalf of a subclass.  (Id. at ¶¶ 92-98, 107.)  Plaintiff also asserts individual claims for gender discrimination and retaliation under Title VII and the NJLAD.  (Id. at ¶¶ 72-80, 81-91, 92-98, 99-105.)

Plaintiff seeks leave to file a Second Amended Complaint to include individual claims on behalf of two other employees of Defendant, Linda Abt and Maxine Walker, and add Ms. Abt and Ms. Walker as class representatives.  Plaintiff also seeks to amend the definition of the putative class and subclass.  Additionally, Plaintiff seeks leave to amend the complaint to assert allegations of employment discrimination and retaliation that were the subject of a Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission (hereinafter, "EEOC") on September 29, 2009.  By Consent Order dated April 19, 2010, the Court granted in part the motion to amend "with respect to and only as to the individual allegations of employment discrimination and retaliation of Carol Bell that are the subject of her September 29, 2009 EEOC charge and are contained in paragraphs 113 through 115 of

the proposed Second Amended Complaint."  (Consent Order [Doc. No. 191] 2-3, Apr. 19, 2010.)[1]

Ms. Abt is purportedly a current employee of Defendant in the King of Prussia, Pennsylvania office in the Corporate Enterprise Business Area, who held positions at the "L5" level beginning in or about November 2003.  (Proposed Second Am. Compl. [Doc. No. 42-3] ¶¶ 116-17.)  Plaintiff contends that in or about December 2007, Ms. Abt was given "an unfairly negative review" by her male supervisor, Don Hauser, purportedly because of her gender.  (Id. at ¶ 121.) Plaintiff also avers that on an annual performance evaluation in December 2008, Ms. Abt was given a score of "Basic," which is the fourth lowest out of five possible ratings.  (Id. at ¶ 123.) Plaintiff asserts that Defendant's Enterprise Operations assigns "quotas" for each department, limiting the number of employees who may receive each level of scores on the annual performance evaluations.  (Id. at ¶ 124.)  Plaintiff contends that Ms. Abt's

_____

1.  By letter dated March 19, 2010 from Cheryl M. Stanton, Esquire, Defendant represented that it "does not object to Ms. Bell amending her First Amended Complaint to add the allegations of individual discrimination in her September 2009 EEOC charge" and does not "object to Ms. Bell's amending to revise the class definition."  (Letter from Cheryl M. Stanton, Esq., Mar. 19, 2010.)  Defendant asserted, however, that it "does object to Ms. Bell's amending the First Amended Complaint to add the class-discrimination allegations in the September 2009 charge as well as adding Ms. Abt and Ms. Walker as additional named-plaintiffs." (Id.)  Defendant's opposition papers address only Plaintiff's attempt to join Ms. Abt and Ms. Walker, and Defendant does not specifically oppose any other changes to the First Amended Complaint.  Consequently, with the exception of the proposed amendments adding Ms. Abt and Ms. Walker as plaintiffs, Defendant does not assert undue delay, undue prejudice, or futility as a basis to deny Plaintiff's proposed amendments.

score, rather than any male comparator's score, was lowered based on the "quotas" and was not based on her actual performance. (Id.) Additionally, Plaintiff avers that Ms. Abt was not hired for two positions that were posted on the company intranet in January 2009, even though she had formerly performed the jobs of both positions simultaneously for approximately five years, and that the positions were given to two less-qualified male employees. (Id. at ¶¶ 126-28.)[2]  Further, Plaintiff contends that Ms. Abt's department adopted a new promotion policy in July 2009 -- by which employees were required to receive performance review ratings of "High Contributor" or "Exceptional Contributor" to be eligible for promotion -- which allegedly had an adverse impact on female employees who seek promotions. (Id. at ¶ 130.)  Plaintiff also avers that Ms. Abt, as a result of a reorganization in August 2009, was assigned a new position and was downgraded from an "L5" manager to an "E5" employee. (Id. at ¶ 131.)  Although Ms. Abt purportedly did not have the skill set for her new position, and offered to take another position that was available and "better suited to her skill set," Defendant allegedly has not changed her job title or grade. (Id. at ¶¶ 132, 134.)  Plaintiff contends that Ms. Abt's "new title that does not match her skill set will make it difficult for her to compete with her peers and receive a positive performance review rating this year," which purportedly may

---

2.  As a result of this incident, Ms. Abt filed an EEOC Charge of Discrimination on April 21, 2009. (Proposed Second Am. Compl. [Doc. No. 42-3] ¶ 129.)

eliminate her ability to be promoted and may result in receiving less compensation.  (Id. at ¶ 134.)[3]

The other proposed plaintiff, Ms. Walker, is purportedly a level "E4" employee in Project Management in the Human Resources department of Aeronautics in Fort Worth, Texas.  (Proposed Second Am. Compl. [Doc. No. 42-3] ¶ 135; Ex. 7.)  Plaintiff alleges that since 2003, Ms. Walker has been paid less than her male comparators.  (Proposed Second Am. Compl. [Doc. No. 42-3] ¶ 136.)  Plaintiff also contends that in or about January or February of 2009, Defendant failed to promote Ms. Walker into an open "L5" position for University Relations Manager because of her gender, and instead gave the position to a purportedly less-qualified male employee.[4]  (Id. at ¶¶ 137-38.)

In support of the motion to amend, Plaintiff contends that she should have the opportunity to bring all of her claims, as well as the claims of Ms. Abt and Ms. Walker, in one lawsuit rather than litigating such claims "in a piecemeal fashion with multiple lawsuits."  (Mem. of Law in Supp. of Pl.'s Mot. Seeking Leave to Submit a Second Am. Compl. Pursuant to Fed. R. Civ. P. 15 and the Court's July 31, 2009 Scheduling Order [Doc. No. 42-2]

_____

3.  Ms. Abt filed an EEOC Charge of Discrimination with respect to this incident on October 7, 2009.  (Mem. of Law in Supp. of Pl.'s Mot. Seeking Leave to Submit a Second Am. Compl. Pursuant to Fed. R. Civ. P. 15 and the Court's July 31, 2009 Scheduling Order [Doc. No. 42-2] 9.)

4.  Ms. Walker filed an EEOC Charge of Discrimination on August 27, 2009 with respect to this incident.  (Id.)

(hereinafter, "Pl.'s Br.") 10.)  Plaintiff asserts that she did not know of Ms. Abt's or Ms. Walker's claims and willingness to be named plaintiffs until after the First Amended Complaint was filed. (Id.)  Plaintiff contends that the proposed amendment will "spare both parties the increased costs and delays associated with prosecuting and defending multiple separate actions[.]"  (Id.)

In opposition, Defendant contends that Plaintiff's attempt to add Ms. Walker and Ms. Abt as plaintiffs fails to satisfy the commonality required for joinder under Federal Rule of Civil Procedure 20.  Defendant represents that it is an "aggregate" of separate businesses, consisting of more than eighteen separate entities and numerous "subcomponents," which are purportedly organized into four distinct "Business Areas[.]"  (Def.'s Response to Pl.'s Mot. Seeking Leave to Submit a Second Am. Compl. [Doc. No. 58] (hereinafter, "Def.'s Br.") 2.)  Defendant asserts that each "Business Area" has its own "functional and support structure and executive-leadership team," including a Human Resources organization. (Id. at 3.)  While Defendant purportedly promulgates certain Corporate Policy Statements for use by all Business Areas, Defendant represents that each Business Area "maintain[s] autonomy and discretion to implement [its] own tailored policies, practices, and procedures within those guidelines[.]"  (Id. at 4.)  Defendant asserts that Ms. Abt and Ms. Walker work in different Business Areas than Plaintiff, in different geographic areas, and under different management from Plaintiff and each other.  (Id. at 21.)

6

The proposed plaintiffs also purportedly raise "separate and factually-distinct claims that challenge individualized employment decisions pertaining to different positions . . . with different job responsibilities . . . implicating different decisionmakers, and occurring in different contexts over a six-year period." (Id. at 21-22.)   Defendant particularly notes that Plaintiff and the proposed plaintiffs fail to identify one decision maker common to any of the proposed claims. (Id. at 22.)   Defendant also argues that Ms. Abt and Ms. Walker's claims fail to share a common question of law or fact, and that joining such claims would not promote judicial economy given the divergent factual circumstances of each claim and the different proof to be offered in support thereof. (Id. at 23, 26.)   Furthermore, Defendant argues that any convenience resulting from the amendment does not outweigh the prejudice to Defendant, including the "substantially increase[d]" discovery costs and the "inevitable confusion" that would result in collectively trying "factually-distinct claims" to the jury. (Id. at 26-28.)   Defendant also argues that Ms. Abt's proposed claims are futile because she purportedly failed to timely file her Title VII lawsuit, and that Ms. Walker's proposed claims are futile because she allegedly failed to exhaust administrative remedies. (Id. at 33.)

In reply, Plaintiff asserts that there is no undue delay because Ms. Abt and Ms. Walker could not have filed their claims at the time Plaintiff filed her First Amended Complaint, as the

7

proposed plaintiffs' claims were not filed with the EEOC at that time.  (Pl.'s Reply Mot. Seeking Leave to Submit a Second Am. Compl. with Supporting Mem. of Law (hereinafter, "Pl.'s Reply Br.") [Doc. No. 108] 4.)  Plaintiff also asserts that Defendant fails to specify a prejudice that warrants denial of the motion to amend, noting that Defendant would be required to provide discovery in three cases rather than one if the motion to amend is denied.  (Id. at 9-10.)  Plaintiff further contends that a jury will be able to adjudicate the separate claims without confusion, and that there will be evidence "common and applicable" to each plaintiff and the proposed class.  (Id. at 10.)  In response to Defendant's assertion that joinder of plaintiffs is improper under Rule 20, Plaintiff relies on King v. Pepsi Cola Bottling Co., 86 F.R.D. 4 (E.D. Pa. 1979), arguing that the claims of Ms. Abt and Ms. Walker satisfy Rule 20 because they arise from the same allegedly company-wide policy of discrimination already at issue in this case and thus arise out of the same transaction and occurrence and share identical legal theories of recovery.  (Id. at 7-8.)  Insofar as Defendant argued that Ms. Abt's and Ms. Walker's claims are futile, Plaintiff contends that these proposed plaintiffs need not have pursued administrative proceedings to be named as class representatives.  (Id. at 11.)  Plaintiff also asserts that the filing of the class action complaint tolls these plaintiffs' time to file individual suits.  (Id. at 12.)  Further, Plaintiff asserts that Ms. Abt timely instituted suit by the filing of the present

8

motion to amend, and by filing a writ of summons in the Pennsylvania Court of Common Pleas, and that Ms. Walker need not receive a "Right to Sue" letter as a precondition to being named as a plaintiff in this action. (Id. at 12, 14.)

Under FED. R. CIV. P. 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court articulated the policy of "freely" granting leave to amend as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

Foman, 371 U.S. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A "trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.' . . . In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing

Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)), cert. denied, 455 U.S. 1018 (1982); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).

Where a plaintiff seeks leave to amend a complaint to add new parties to the action, the Court must also consider the proposed amendment under FED. R. CIV. P. 20(a).  FED. R. CIV. P. 20(a)(1) specifically governs joinder of plaintiffs, and states as follows: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Regardless of whether a motion to amend is considered under Rule 15 or Rule 20 of the Federal Rules of Civil Procedure, "the standard for adding a party is the same . . . the decision lies within the discretion of the court."  Liberty Mut. Ins. Co. v. Hurricane Logistics Co., 216 F.R.D. 14, 16 n.5 (D.D.C. 2003).

In the present case, the Court finds that the second requirement for joinder under Rule 20(a) is met.  This prong "'does not require precise congruence of all factual and legal issues; indeed, joinder may be permissible if there is but one question of law or fact common to the parties.'"  Directv, Inc. v. Gallagher, Nos. Civ. A. 03-2474, 03-2571, 03-5300, 2004 U.S. Dist. LEXIS 28010, at *3-4 (D.N.J. Feb. 4, 2004) (citation omitted).  Defendant

10

argues that there are no common questions of law or fact, but also notes that Plaintiff and the two proposed plaintiffs all seek to assert a gender discrimination claim pursuant to Title VII. (Def.'s Br. 8, 23.)  While the factual basis in support of each individual's claim may differ, clearly there is a common question of law with respect to the Title VII gender discrimination claim of Plaintiff and the same proposed claim on behalf of Ms. Abt and Ms. Walker.  See Directv, 2004 U.S. Dist. LEXIS 28010, at *4-5; Alexander v. Fulton County, Ga., 207 F.3d 1303, 1324 (11th Cir. 2000) ("The second prong of Rule 20 does not require that *all* questions of law and fact raised by the dispute be common, but only that *some* question of law or fact be common to all parties.") (emphasis in original); Byers v. Illinois State Police, No. Civ. A. 99-8105, 2000 WL 1808558, at *2 (N.D. Ill. Dec. 6, 2000) (second requirement for joinder met because all plaintiffs "are asserting claims of sexual discrimination and retaliation pursuant to Title VII, as well as First and Fourteenth Amendment claims under 42 U.S.C. § 1983.").

The propriety of allowing joinder turns on the first prong under Rule 20(a), that is, whether the relief sought by all three individuals "arises out of the same transaction or series of transactions." See Byers, 2000 WL 1808558, at *2.  In considering joinder, the Court notes that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties" and that "joinder of claims, parties and remedies is

11

strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).  In <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330 (8th Cir. 1974), the court considered the terms "transaction or occurrence" under Rule 20(a) and determined that the Rule "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding.  Absolute identity of all events is unnecessary."  497 F.2d at 1333.[5]  Because each of the ten plaintiffs in <u>Mosley</u> alleged injury from a company-wide policy purportedly designed to discriminate against African Americans in employment, the court found that the plaintiffs asserted a right to relief arising out of the same series of transactions or occurrences.  <u>Id.</u> at 1333-34.

Other courts have found the common transaction element met when the plaintiffs alleged that a pattern or practice of discrimination existed.  For instance, in <u>King v. Pepsi Cola</u>, cited by Plaintiff in her reply brief, the plaintiffs filed a putative class action suit against their employer, Pepsi Cola Metropolitan Bottling Company, alleging specific and general practices of racial discrimination.  <u>King</u>, 86 F.R.D. at 5.  Five of the plaintiffs were assigned to the same unit of Pepsi's Northeast Philadelphia plant, and were all either directly or indirectly under the supervision of a single supervisor.  <u>Id.</u> at 6.  A sixth plaintiff worked in a

---

5. <u>Mosley</u> has been described as "perhaps the leading case on the joinder of Title VII plaintiffs under Rule 20[.]"  <u>Alexander</u>, 207 F.3d at 1323.

separate department with different supervisors.  Id.  The court, in determining whether to sever the plaintiffs' claims, noted that the complaint alleged "that specific instances of discrimination occurred against each of named plaintiffs as well as a general and pervasive corporate policy of discrimination by Pepsi against blacks."  Id.  The court, citing Mosley, concluded that the "same transaction or occurrence" test of Rule 20 was satisfied because "the allegations of a pervasive policy of discrimination by Pepsi would bring the complaints of the individual plaintiffs under the rubric of the 'same series of transactions.'"  Id.  Additionally, the court concluded that even though "proof of the discrimination will involve the various work records of each plaintiff," the claims should be tried together because there would be "substantial overlap" in the evidence presented, as five of the plaintiffs worked in the same unit and, consequently, the same witnesses would testify as to the conditions of the unit and the individual instances alleged by each plaintiff.  Id.  As to the sixth plaintiff, the court noted that the case would involve different evidence, but because the claim was "united with the others by the allegations of a company policy of discrimination[,]" the court permitted such claim to be tried with the rest for the convenience of the parties and in the interests of judicial economy.  Id.  See also Lopez v. City of Irvington, No. Civ. A. 05-5323, 2008 U.S. Dist. LEXIS 14941, at *2, 9 (D.N.J. Feb. 28, 2008) (court denied defendants' motion to sever claims of four plaintiffs who alleged

that police department's failure to supervise and monitor K-9 unit resulted in pattern and practice of excessive force, finding that allegations in complaint arose from same transaction, occurrence, or series of transactions or occurrences); Boyer v. Johnson Matthey, Inc., No. Civ. A. 02-8382, 2004 WL 835082, at *1-2 (E.D. Pa. Apr. 16, 2004) (denying motion to sever where plaintiffs, who worked for defendant employer during different periods of time, on different shifts, and in different departments, alleged pattern and practice of discrimination); Miller v. Hygrade Food Prods. Corp., 202 F.R.D. 142, 144 (E.D. Pa. 2001) (after denying class certification, court denied motion to sever where plaintiffs alleged that defendant "employ[ed] a subjective decision making policy designed to discriminate against African-American employees" because all alleged instances of discrimination "flow[ed] from this general policy, or pattern and practice, and therefore are logically related and arise out of the same series of transactions or occurrences.").

At oral argument, Defendant argued that the United States Supreme Court, in General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 102 S. Ct. 2364, 72 L. Ed. 2d 740 (1982), subsequently expressly disapproved of "across the board discrimination cases" such as the type of claims asserted in Mosley. (Transcript of December 8, 2009 Hearing [Doc. No. 120], at 16:8-17.) In Falcon, the Supreme Court decided whether a class action was properly maintained on behalf of employees who were denied promotion as well

as applicants who were denied employment. <u>Falcon</u>, 457 U.S. at 149, 102 S. Ct. 2364, 72 L. Ed. 2d 740.  The Supreme Court concluded that the trial court erred in granting class certification because the plaintiff failed to demonstrate that his claims were typical of other employees' and applicants' claims, as required by FED. R. CIV. P. 23(a).  <u>Id.</u> at 158-59, 102 S. Ct. 2364, 72 L. Ed. 2d 740.  Thus, <u>Falcon</u> addressed the analysis that a district court must undertake in deciding whether to certify a class under Rule 23.  <u>Falcon</u> did not address the requisite pleading standard in a putative class action suit or the propriety of joining plaintiffs under Rule 20(a).  Therefore, while Defendant may raise this argument in the context of opposing class certification, the Court finds that <u>Falcon</u> does not preclude joinder of Ms. Abt or Ms. Walker's individual claims at this time, when the operative complaint asserts on behalf of a class a company-wide pattern and practice of gender discrimination and there has not yet been a decision on class certification.

Although the Court rejects Defendant's argument that the joinder rule articulated in <u>Mosley</u> is no longer good law after the decision in <u>Falcon</u>, the Court recognizes that <u>Mosley</u> is not binding on this Court, and several cases cited by Defendant do not follow the holding of <u>Mosley</u>.  <u>See</u>, <u>e.g.</u>, <u>McDowell v. Morgan Stanley & Co.</u>, 645 F. Supp. 2d 690, 692 (N.D. Ill. 2009)(court granted motion to sever claims of four plaintiffs that their employer engaged in pattern and practice of racial discrimination that

15

denied African American financial advisors same opportunities as non-African American co-workers, noting that although "alleged discriminatory conduct may have occurred because of a company-wide policy, that conduct was rooted in individual decisions, made by different supervisors, at different times, and in four different offices."); Byers, 2000 WL 1808558, at *4 (court denied motion to amend complaint to join additional plaintiff in case by two plaintiffs alleging gender discrimination based upon Illinois State Police's failure to promote female plaintiffs, noting that "in causes of action involving discrimination, Title VII or otherwise, courts look to whether the discrimination took place at roughly the same time, if it involved the same people, whether there is a relationship between the discriminatory actions, whether the discriminatory actions involved the same supervisor or occurred within the same department, and whether there is geographical proximity between the discriminatory actions."); Webb v. Westinghouse Elec. Corp., No. Civ. A. 76-172, 1977 U.S. Dist. LEXIS 16122, at *2-3 (E.D. Pa. Apr. 29, 1977)(court denied motion to add new plaintiffs, finding that there was "[n]o showing . . . that discrimination against a salaried employee or a job applicant arises out of the same facts or occurrences as the alleged discrimination against the class representatives, members of the production and maintenance unit who work on an hourly wage basis."); Martinez v. Safeway Stores, Inc., 66 F.R.D. 446, 448-49 (N.D. Cal. 1975) (in suit by four plaintiffs alleging

16

discrimination in process by which they became truck drivers for defendant, plaintiffs' motion to add two new plaintiffs by amendment or intervention denied because claims of proposed new plaintiffs were "too different" from claims of original plaintiffs to permit joinder); Smith v. N. Am. Rockwell Corp.-Tulsa Div., 50 F.R.D. 515, 521-22 (N.D. Okla. 1970)(court concluded that plaintiffs were misjoined in action, noting that plaintiffs "have attempted to join in one action what are in reality four separate lawsuits arising out of four separate series of transactions or occurrences involving four disparate sets of facts.").

The Court finds the reasoning of Mosley persuasive in the context of this putative class action alleging a company-wide pattern and practice of discrimination, and rejects the rationale of the cases cited by Defendant.  Smith, although a class action case, was decided before Mosley and thus did not address the principle articulated in Mosley that allegations of a company-wide policy of discrimination can satisfy the "same transaction or occurrence" prong of Rule 20(a), because the rule requires only a "logical relationship" between claims and not "absolute identity" of claims.  Martinez followed the decision in Smith without discussion of the "logical relationship" standard articulated in Mosley.  Similarly, Webb followed the decision in Martinez without consideration of the broad standard set forth in Mosley.  This Court adopts the "logical relationship" standard of Mosley. Moreover, Defendant's reliance on McDowell and Byers is unavailing

17

because unlike the present case, where the proposed plaintiffs are also putative class members, <u>McDowell</u> and <u>Byers</u> did not involve class action suits and the plaintiffs thus were not also parties to the action as class members.

In light of the joinder standard articulated in <u>Mosley</u>, the Court concludes that the claims of Ms. Abt and Ms. Walker, at this time, are "logically related" to the claims already at issue in this case for joinder purposes under Rule 20(a). The prospective plaintiffs seek to assert claims arising out of the same allegedly company-wide discriminatory pattern or practice set forth by Plaintiff in this action. The Court notes that the proposed individual claims of Plaintiff, Ms. Abt and Ms. Walker relate to discrete employment decisions made by different supervisors, under differing circumstances temporally and geographically, concerning different levels of employment.[6] However, Ms. Abt and Ms. Walker both contend, like Plaintiff, that they have been paid less than their male comparators and that positions they applied for were

---

6. The parties have submitted evidence and extensive arguments in connection with Plaintiff's claim that Defendant implements uniform policies and practices applicable to all of its employees, as Defendant disputes Plaintiff's allegations of the centralized nature of Defendant's policies. Defendant's argument is in essence a futility argument. In considering futility, the Court must view the allegations in the complaint as true and in the light most favorable to the party asserting them. <u>See</u> <u>Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.</u>, 106 F. Supp. 2d 761, 765 (D.N.J. 2000). Therefore, at this stage in the proceedings the Court does not determine whether Defendant has uniform policies and practices, as Plaintiff's allegations of uniform policies and practices are sufficient for purposes of deciding the motion to amend.

given to less qualified male employees.  (See, e.g., Proposed Second Am. Compl. [Doc. No. 42-3] ¶¶ 125, 127-28, 136, 138.) Additionally, each plaintiff alleges that Defendant's practices and procedures permit excessive subjectivity in decision making about promotions, assignments and compensation, which purportedly result in discrimination against female employees.  (Id. at ¶¶ 146, 169, 189, 210.)  Each allegedly discriminatory action described in the proposed Second Amended Complaint purportedly arose from the same pattern or practice of discrimination against female employees that is alleged on behalf of the class.   Thus, each allegedly discriminatory act is logically related and is considered part of the same transaction or occurrence for purposes of joinder under Rule 20(a).[7]

The Court further rejects Defendant's argument that the Third Circuit case of Dickerson v. United States Steel Corp., 582 F.2d 827, 828 (3d Cir. 1978), precludes joinder here.  In Dickerson, two former employees of the defendant filed a class action suit alleging racial discrimination in the defendant's employment practices and the practices of the representative union.  The district court initially certified a broad class but later narrowed

---

7.  This finding is without prejudice to Defendant's right to move to sever the claims of the individual plaintiffs following resolution of class certification and dispositive motions.  See, e.g., Barner v. City of Harvey, No. Civ. A. 95-3316, 2003 WL 1720027, at *1-3 (N.D. Ill. Mar. 31, 2003) (noting that court had previously denied motion to sever when plaintiffs alleged pattern and practice of discrimination, but after jury found no pattern or practice of discrimination and only individual claims remained, court granted renewed motion to sever).

the class. Id. at 828-29. Upon the close of the plaintiffs' case, the defendants moved for involuntary dismissal. Id. at 829. The district court sua sponte reviewed the testimony of those class members who had testified at trial and determined that approximately fifty witnesses had established prima facie individual claims of racial discrimination, even though certain class-wide claims of racial discrimination were dismissed. Id. In reversing the district court, the Third Circuit rejected the plaintiffs' argument that the class-member witnesses qualified for "equitable intervention" under FED. R. CIV. P. 24(b). Id. at 831. The Third Circuit noted that there was no application for intervention. Id. at 832. The Third Circuit also stated that it found "it difficult to conclude that the claims of the class-member witnesses have a question of law or fact in common with the named plaintiffs" because their individual claims involved "discrete sporadic incidents concerning different types of work occurring in different years, at different plants, and with different supervisors." Id. However, the Third Circuit's language concerning joinder is dicta, as noted by Defendant, and the context of the Third Circuit's decision is distinguishable from that presented here, where there was no motion by the witnesses to join their claims, the class claims had already been tried and the district court had found that the named class members were not discriminated against in the same way that the class members were discriminated against, and the defendants were "severely"

prejudiced because the defendants, "in deposing and cross-examining the witnesses, focused on the allegations of class-action racial discrimination" and "had no reason to challenge individual allegations of wrongdoing not predicated on class-wide discrimination." Id. at 832.

Having determined that joinder is appropriate, the Court turns to the prejudice, bad faith, and futility arguments raised by Defendant in asserting that the proposed amendment should be denied under Rule 15. As noted supra, Defendant argues that it will be prejudiced by the amendment adding Ms. Abt and Ms. Walker as plaintiffs because it will purportedly incur increased discovery costs and because there will be jury confusion if the claims of all three individuals are tried collectively. (Def.'s Br. 27-28.) Defendant also argues that the motion to amend is brought in bad faith, asserting that the motion is only brought to justify Plaintiff's purportedly overbroad discovery requests and because Plaintiff is purportedly not an adequate class representative. (Id. at 31-32.) Further, as set forth above, Defendant argues that procedural deficiencies render the proposed claims of Ms. Abt and Ms. Walker futile. (Id. at 32-33.)[8]

The Court finds that Defendant has not asserted prejudice sufficient to justify denial of Plaintiff's motion. In determining

---

8. The Court requested supplemental briefing in connection with the futility arguments raised in Defendant's opposition brief. The Court has considered the arguments raised in the supplemental briefs in deciding the futility issue.

whether amendment of a complaint will cause undue prejudice, the Court must "focus on the hardship to the defendants if the amendment were permitted." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (citing Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985)). "Incidental prejudice is not a sufficient basis for the denial of a proposed amendment.  Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered." Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 106 F. Supp. 2d 737, 745 (D.N.J. 2000)(citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982)).  "The test for prejudice is whether the non-moving party will be denied 'a fair opportunity to defend and offer additional evidence' to address the amendment." Id. (citation omitted).  Here, the proposed amendment adding Ms. Abt and Ms. Walker does not change the theory of the case, as the proposed new claims all arise from the same general allegations of gender discrimination, and Defendant has been on notice of these claims since the filing of the original class action complaint.  See Monahan v. City of Wilmington, No. Civ. A. 00-505, 2004 U.S. Dist. LEXIS 1322, at *13 (D. Del. Jan. 30, 2004) ("A class action complaint obviously places defendants on notice of other potential plaintiffs alleging substantially similar causes of action.").  Defendant does not assert that it will be unable to

present facts or evidence in connection with the claims of Ms. Abt or Ms. Walker.  Moreover, Defendant's argument that it will incur additional costs of litigating Ms. Abt's and Ms. Walker's claims is specious.  Defendant asserts that Ms. Abt and Ms. Walker "remain free to proceed with their individual claims," and thus Defendant will incur the costs of litigating Ms. Abt's or Ms. Walker's claims regardless of whether such claims are litigated in this action or in separate actions.  (Def.'s Br. 30.)  As to Defendant's concern for jury confusion during the trial of this matter, as noted supra, Defendant may file a motion to sever after class certification and dispositive motions are decided, at which time the parties will be able to more thoroughly delineate the scope of claims and the witnesses and documents to be presented in connection with such claims.  The Court, however, does not find this asserted prejudice sufficient to serve as a basis to deny Plaintiff's motion to amend at this time.

The Court also finds that Plaintiff has not acted in bad faith in seeking leave to amend the complaint.  "[T]he question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier[.]"  Adams, 739 F.2d at 868.  There has been no determination that Plaintiff is not an adequate representative of the putative class, and the Court will not make such a determination in the context of this motion to amend.  Moreover, the Court notes that defense counsel, at oral argument, stated that if a named plaintiff is determined not to be

23

an adequate representative, then courts generally grant a stay of the case so that another plaintiff can be identified. (Transcript of December 20, 2009 Hearing [Doc. No. 120], at 22:2-12.) Therefore, even assuming that Plaintiff is determined to be an inadequate representative, Plaintiff at that time could seek to name Ms. Abt or Ms. Walker as named plaintiffs.  The Court thus fails to see how an attempt to identify Ms. Abt and Ms. Walker at this time is in bad faith.  With respect to the allegation that the motion to amend is brought solely to justify the discovery sought by Plaintiff, the Court has determined, as set forth in the June 23, 2010 Memorandum Opinion and Order, that Plaintiff's company-wide discovery requests are not overly broad even if Plaintiff is the only named party in this case.

Finally, the Court addresses the futility arguments raised by Defendant.  In determining whether a proposed amendment is futile, the Court conducts the same analysis as that utilized for a motion to dismiss under FED. R. CIV. P. 12(b)(6).  Fishbein Family P'ship v. PPG Indus., Inc., 871 F. Supp. 764, 769 (D.N.J. 1994).  When examining the sufficiency of a litigant's pleading under Rule 12(b)(6), the Court may only consider the allegations contained in the proposed amended complaint, exhibits thereto, and "matters of public record."  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), cert. denied, 510 U.S. 1042, 114 S. Ct. 687, 126 L. Ed. 2d 655 (1994).  The Court must grant the motion for leave to amend "'unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  See Fishbein, 871 F. Supp. at 769 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

Here, Defendant asserts that Ms. Abt's claim is futile because she did not timely file her own suit.  (Def.'s Br. 33.)[9]  Plaintiff contends that her filing of the class action complaint tolled Ms. Abt's time to file suit,[10] and further argues that both the motion

9.  Title VII provides as follows with respect to the filing of a civil action:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(1).

10.  In Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 353-54, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983), the Supreme Court stated as follows: "'[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'  Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied.  At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."  462 U.S. at

25

to amend filed in this case and Ms. Abt's filing of a praecipe for a writ of summons in the Court of Common Pleas in Pennsylvania was timely. (Pl.'s Supplemental Ltr. Br. 1-2, 5, Dec. 29, 2009.) The Court need not address whether the filing of the class action complaint tolled Ms. Abt's time to file suit, because the Court finds that the filing of the motion to amend in this case satisfied Ms. Abt's obligation to institute suit within ninety days.[11]

FED. R. CIV. P. 3 provides that "[a] civil action is commenced by filing a complaint with the court." The filing of a motion for leave to amend a complaint has been held to be sufficient to commence an action within a statute of limitations period. In In re One Meridian Plaza Fire Litigation, No. Civ. A. 91-2171, 1993 WL 308726, at *2 (E.D. Pa. Aug. 12, 1993), the court noted that "[t]he filing of a motion for leave to amend a complaint to add a defendant, accompanied by the proposed amended complaint, commences an action and tolls the statute of limitations from the date the motion is filed." The court in Gloster v. Pennsylvania Railroad Co., 214 F. Supp. 207, 208 (W.D. Pa. 1963), likewise concluded that the filing of a motion to amend the complaint "was within the limitation of time allowed by law for bringing the amended party

_____

353-54, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (internal citations omitted).

11.  The Court thus need not address whether Ms. Abt's filing of a praecipe for a writ of summons tolled her time to file suit. The Court notes that neither party cites a case addressing whether an action filed in state court is sufficient to toll the statute of limitations in a separate federal litigation.

action."  Here, Plaintiff filed with the motion to amend a proposed amended complaint that contains the claims of Ms. Abt, clearly placing Defendant on notice of Ms. Abt's proposed causes of action. The amended complaint, however, could not be deemed filed at that time because it was necessary to first obtain leave of court.  See FED. R. CIV. P. 15(a)(2)(after party has amended complaint once as of right, "party may amend its pleading only with the opposing party's written consent or the court's leave.").  Defendant asserts that because Plaintiff filed the motion to amend, "the person claiming to be aggrieved," that is, Ms. Abt, did not seek to assert her claim within the ninety-day period as required by 42 U.S.C. § 2000e-5(f)(1).  However, Plaintiff is not seeking to assert the individual claims of Ms. Abt.  Ms. Abt will be asserting the claims.  Under these circumstances, the Court finds that the filing of the proposed amended complaint, annexed to the motion to amend, was sufficient for purposes of instituting suit within ninety days under Title VII.  For this reason, the Court also rejects Defendant's argument that Ms. Abt does not have standing to act as a class representative because she failed to file a complaint within ninety days of receipt of the right-to-sue letter.

With respect to Ms. Walker, Defendant argues that she did not receive a right-to-sue letter and, as such, she did not exhaust administrative remedies and her Title VII claims are thus premature. (Def.'s Br. 33.) Defendant also argues that Ms. Walker does not have standing to serve as a class representative because

she has not yet received a right-to-sue letter.  (Def.'s
Supplemental Br. in Opp. to Pl.'s Mot. for Leave to Amend [Doc. No.
158] 13.)  Plaintiff submitted a supplemental brief on June 11,
2010 representing that a right-to-sue letter was issued by the EEOC
on April 9, 2010 with respect to Ms. Walker's charge of
discrimination.  (Supplemental Mem. Concerning Dismissal and Not.
of Rights to Sue of Maxine Walker in Supp. of Pl.'s Mot. Seeking
Leave to Submit a Second Am. Compl., Exs. A, B.)  As such, Ms.
Walker's Title VII proposed claims are not at this time premature
and, accordingly, are not futile.

In conclusion, the Court finds that joinder of Ms. Abt and Ms.
Walker's claims is appropriate under FED. R. CIV. P. 20(a).  The
Court further finds that Plaintiff has not acted in bad faith in
seeking leave to amend the complaint to add Ms. Abt and Ms. Walker
as plaintiffs, and that Defendant fails to specify a particular
prejudice sufficient to warrant denial of the motion to amend.  Nor
is denial of the motion to amend warranted on futility grounds.

CONSEQUENTLY, for the reasons set forth above and for good
cause shown:

IT IS on this 23rd day of June 2010,

**ORDERED** that Plaintiff's motion [Doc. No. 42] for leave to
file a Second Amended Complaint, shall be, and is hereby, **GRANTED**;
and it is further

**ORDERED** that Plaintiff shall, within **twenty (20) days** of the
date of entry of this Order, file the Second Amended Complaint in

28

the form attached to the motion, and shall serve the Second Amended

Complaint in accordance with the Federal Rules of Civil Procedure.


s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler