IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

## **OPINION**

| | |
|---|---|
| CAROL BELL, et al., on behalf of themselves and those similarly situated, | (Doc. Nos. 273, 304) |
| Plaintiffs, | |
| v. | Civil No. 08-6292 (RBK/AMD) |
| LOCKHEED MARTIN CORPORATION, | |
| Defendant. | |
| GWENDOLYN GOFFNEY, on behalf of herself and those similarly situated, | (Doc. No. 4) |
| Plaintiff, | |
| v. | Civil No. 10-4297 (RBK/AMD) |
| LOCKHEED MARTIN CORPORATION, | |
| Defendant. | |

**KUGLER**, United States District Judge:

These are employment discrimination cases. The core of both matters is a Title VII class action against Defendant Lockheed Martin Corporation ("Lockheed") for gender discrimination. All Plaintiffs allege that Lockheed's company-wide policies and practices have a negative disparate impact on female employees' compensation and advancement. This dispute began when Plaintiff Carol Bell filed her Complaint against Lockheed in 2008 (the "Bell Litigation"). The Court subsequently permitted Ms. Bell to join two out-of-state Lockheed employees as

1

named plaintiffs. Although neither of the new Plaintiffs satisfied Title VII's venue provision, Lockheed did not raise any objections regarding venue. In 2010, Ms. Goffney, an out-of-state employee, filed a Complaint asserting, among other claims, the identical Title VII class action claim alleged in the Bell Litigation (the "Goffney Matter"). Currently before the Court is Ms. Bell's motion for leave to file a Third Amended Complaint joining Ms. Goffney and two other employees as named plaintiffs in the Bell Litigation. (Civ. No. 08-6292, Doc. No. 304). Ms. Bell also moves, in the alterative, to consolidate the Goffney Matter with the Bell Litigation. (Civ. No. 08-6292, Doc. No. 273). Lockheed's principal objection to both motions is that Ms. Goffney and one of the new plaintiffs seeking joinder are out-of-state employees who do not satisfy Title VII's venue provision. Also before the Court is Lockheed's motion to dismiss Ms. Goffney's Complaint for improper venue. (Civ. No. 10-4297, Doc. No. 4). Because Lockheed waived the right to object to joinder of out-of-state employees based on improper venue, the Court grants Ms. Bell's motion for leave to file the proposed Third Amended Complaint. Because Ms. Goffney has represented to the Court that she will dismiss her Complaint against Lockheed if she is joined as a named plaintiff in the Bell Litigation, the Court stays decision regarding Ms. Bell's motion to consolidate and Lockheed's motion to dismiss for ten days so that Ms. Goffney may dismiss her Complaint.

**I.    BACKGROUND**

Ms. Bell works for Lockheed at its Mt. Laurel, New Jersey facility. She has been employed by Lockheed at various times from 1978 until the present, for a total of approximately twenty-one years. Ms. Bell filed her Complaint against Lockheed in December 2008, asserting individual and class claims for discrimination under Title VII and the New Jersey Law Against Discrimination ("NJLAD") based on a disparate impact theory. Ms. Bell claims that Lockheed's

2

company-wide policies and practices have a disparate impact on female employees' compensation and advancement. Ms. Bell also asserts individual claims for retaliation under Title VII and the NJLAD. Ms. Bell's Complaint asserts that venue in this Court is proper under Title VII's venue provision, which provides that venue is proper in any district where: (1) the alleged discrimination occurred; (2) the employment records relevant to such practice are maintained and administered; or (3) the plaintiff would have worked but for the alleged discrimination. (Am. Compl. ¶ 12 (citing 42 U.S.C. § 2000e-5(f)).

In October 2009, Ms. Bell moved to file a Second Amended Complaint[1] adding Linda Abt and Maxine Walker as named plaintiffs. Ms. Abt was employed by Lockheed at its King of Prussia, Pennsylvania facility. Ms. Walker was employed by Lockheed while residing in Texas. Neither Ms. Abt nor Ms. Walker were employed by Lockheed in New Jersey and neither alleges that Lockheed discriminated against them in New Jersey or that they would have worked for Lockheed in New Jersey but for the alleged discrimination. Lockheed opposed Ms. Bell's motion to join Ms. Walker and Ms. Abt, but did not raise improper venue as an objection to joinder.

Magistrate Judge Donio granted Ms. Bell leave to file her Second Amended Complaint joining Ms. Abt and Ms. Walker. Lockheed appealed Magistrate Judge Donio's ruling to this Court, but did not raise improper venue regarding Ms. Abt and Ms. Walker's claims. This Court affirmed Magistrate Judge Donio's Order. Lockheed then filed an Answer to Plaintiffs' Second Amended Complaint. Lockheed's Answer asserted the following affirmative defense regarding venue: "Venue is improper for all putative defendants <u>except</u> <u>Lockheed</u> <u>Martin</u>." (Answer to Second Am. Compl., at 66) (emphasis added).

---

[1] Ms. Bell filed an Amended Complaint as of right in March 2009.

Sometime before August 2010, Plaintiffs' counsel requested that Lockheed consent to adding Ms. Goffney as a named Plaintiff in the Bell Litigation. (See Tr. of Aug. 11, 2010 Hr'g, Civ. No. 08-6292, Doc. No. 245, at 31-32). Lockheed did not consent, and, because the EEOC issued Ms. Goffney a right-to-sue letter requiring her to file suit within ninety days, Plaintiffs' counsel filed a separate action against Lockheed on behalf of Ms. Goffney in August 2010. Plaintiffs' counsel maintains that it filed a separate complaint on behalf of Ms. Goffney solely as a protective measure because Lockheed took the position that moving to join a party in an existing action does not toll the ninety-day period for filing a claim in Court. (Id.).

Ms. Goffney's Complaint asserts that Lockheed violated Title VII because its company-wide policies and practices have a disparate impact on female employees' compensation and advancement. Ms. Goffney's Complaint includes a class claim under Title VII that is identical to the class claim in the Bell Litigation, as well as an individual retaliation claim under Title VII. At a hearing before Magistrate Judge Donio regarding a discovery dispute, Lockheed's counsel characterized the relationship between the Bell Litigation and the Goffney Matter as follows:

> [T]here is now a Complaint that has been filed on behalf of Gwendolyn Goffney in New Jersey within the last week or two that plaintiffs have acknowledged that they are planning to move to consolidate with the current lawsuit. So these charging parties, all of them are alleging sex discrimination, have virtually the exact same allegations in their EEOC charges as Plaintiff Carol Bell and the other two named plaintiffs had in their EEOC charges, are clearly part and parcel of the same group . . . .

(Id. at 30).

In September 2010, Lockheed moved to dismiss Ms. Goffney's Complaint for improper venue. Lockheed argues that, pursuant to Title VII's specific venue provision, venue is not proper in this Court because Ms. Goffney resides in Texas, Lockheed's alleged discrimination

did not occur in New Jersey, and Ms. Goffney does not allege that she would have worked for Lockheed in New Jersey but for the alleged discrimination.

In October 2010, Plaintiffs moved to consolidate the Goffney Matter with the Bell Litigation for all purposes. Plaintiffs argue that consolidation is appropriate pursuant to Rule 42(a) because the actions involve common issues of law and fact. In December 2010, Plaintiffs moved for leave to file a Third Amended Complaint adding Ms. Goffney, Dianne Sosa, and Andrea de la Torre as named plaintiffs. Ms. Sosa resides in Annapolis, Maryland and is a current Lockheed employee. She asserts the same gender discrimination disparate-impact claim under Title VII and a retaliation claim under Title VII. Ms. de la Torre resides in Cherry Hill, New Jersey and is a current Lockheed employee. She asserts gender discrimination disparate-impact and retaliation claims under Title VII and the NJLAD. The Third Amended Complaint also alleges that Lockheed terminated both Ms. Abt and Ms. Walker in 2010 and includes other updated facts.

Lockheed opposes Plaintiffs' motion to consolidate and for leave to amend. Lockheed argues that the Court should deny Plaintiffs' motions because this Court is not the proper venue for Ms. Goffney or Ms. Sosa's claims. Lockheed also argues that Plaintiffs' motion to amend is untimely and that amendment will unduly prejudice Lockheed because it will further delay discovery and final adjudication of the Bell Litigation. All three motions are fully briefed and are ripe for decision.

## II. DISCUSSION

### A. The Bell Plaintiffs' Motion to Amend to Join Ms. Goffney, Ms. Sosa, and Ms. de la Torre[2]

Rule 20(a)(1) provides that plaintiffs may be joined if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." The requirements prescribed by Rule 20(a)(1) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). The Supreme Court has expressed a policy that strongly encourages joinder consistent with fairness to the parties. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). Consequently, "joinder falls within the discretion of the court and is to be liberally granted." Collins v. Cnty. of Gloucester, No. 06-2589, 2008 U.S. Dist. LEXIS 29327, at *6 (D.N.J. Apr. 9, 2008); see Snodgrass v. Ford Motor Co., No. 96-1814, 2002 U.S. Dist. LEXIS 13421, at *5-6 (D.N.J. Mar. 28, 2002). Nevertheless, "[i]n exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan v. Rogers, 570 F.3d 146, 157 (3d Cir. 2009).

Lockheed does not contest that Ms. Goffney, Ms. Sosa, and Ms. de la Torre's claims are part of the same transaction or occurrence and involve common questions of law or fact. Rather, Lockheed asserts the following three objections to joinder: (1) Plaintiffs' motion is untimely because they made the motion after the deadline contained in the operative Scheduling Order; (2)

---

[2] In addition to joining Ms. Goffney, Ms. Sosa, and Ms. de la Torre as named Plaintiffs, the Third Amended Complaint includes additional factual allegations regarding Ms. Walker, Ms. Abt, and Ms. Bell's claims. Lockheed does not take issue with those amendments. Lockheed objects only to Plaintiffs' joinder of the new named plaintiffs.

6

the addition of three new Plaintiffs at this stage of the litigation will prejudice Lockheed; and (3) this Court is the improper venue for Ms. Goffney and Ms. Sosa's Title VII claims. The Court rejects all three arguments and grants Plaintiffs leave to file the Third Amended Complaint.

   1. **Timeliness**

Notwithstanding Rule 20's liberal amendment standards, leave to amend may be governed by Rule 16 if an operative scheduling order sets a timeline for joinder. Rule 16(a) requires the court to enter a scheduling order that limits "the time to join other parties, amend pleadings, complete discovery, and file motions." Once the court enters a scheduling order pursuant to Rule 16(a), it may "not be modified except upon a showing of good cause and by leave of the [court]." Fed. R. Civ. P. 16(b); see E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000). "To establish good cause under Rule 16, the party seeking the extension must show that the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" Rowe v. E.I. du Pont de Nemours & Co., No. 06-3080, 2010 U.S. Dist. LEXIS 16185, at *13-14 (D.N.J. Feb. 24, 2010) (quoting Fed. R. Civ. P. 16(b) advisory committee's notes to 1983 amendments)). "Good cause may also be satisfied if the movant shows that the inability to comply with a scheduling order is 'due to any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" Id. at *14 (quoting Newton v. Dana Corp., Parish Div., No. 94-4958, 1995 U.S. Dist. LEXIS 8473, at *3 (E.D. Pa. June 21, 1995)).

On July 31, 2009, Magistrate Judge Donio entered a Scheduling Order stating that the "time within which to seek amendments to the pleadings or to add new parties will expire on October 30, 2009." (Civ. No. 08-6292, Doc. No. 35). The Scheduling Order did not set a

7

deadline for the close of discovery. On October 28, 2009, Magistrate Judge Donio entered a comprehensive Scheduling Order that provided deadlines for, among other things, expert discovery, depositions, and written discovery. (Civ. No. 08-6292, Doc. No. 29). The comprehensive Scheduling Order provided a discovery end-date of April 30, 2010, but did not provide any deadline for motions to amend the pleadings or to add new parties.

On December 8, 2009, at a hearing before Magistrate Judge Donio, the parties discussed the necessity of amending the Scheduling Orders in light of various pending motions, including Ms. Bell's motion to amend. (Tr. of Dec. 8, 2009 Hr'g, Civ. No. 08-6292, Doc. No. 120, at 84). Magistrate Judge Donio requested that the parties agree on a new scheduling order. On January 19, 2010, the parties reported to Magistrate Judge Donio that they could not agree on a new schedule while the motion to amend was outstanding. As a result, a new scheduling order was not adopted.

On November 9, 2010, at a hearing before Magistrate Judge Donio, Plaintiffs' counsel raised the possibility of moving to add Ms. Goffney and two new plaintiffs. Although Lockheed argued that the joinder of new plaintiffs at that juncture would prejudice Lockheed, it did not argue that such a motion was time-barred because of an operative scheduling order. Indeed, Plaintiffs' counsel asserted at the hearing: "There's no deadline so far as motion[s] to amend." (Tr. of Nov. 11, 2010 Hr'g, Civ. No. 08-6292, Doc. No. 285, at 58). Neither Magistrate Judge Donio nor Lockheed's counsel raised any objection to that assertion.

In light of these circumstances, the Court finds that Plaintiffs' motion to amend is not time-barred and that there is good cause for not strictly enforcing the July 31, 2009 Scheduling Order. It is far from clear whether the original Scheduling Oder was implicitly superseded by the comprehensive Scheduling Order and/or suspended by the subsequent motion practice.

8

Indeed, Plaintiff's comments at the November 11, 2010 hearing suggest that all parties understood that the original Scheduling Order was no longer operative and that a new schedule was necessary. The Court finds that these circumstances "understandably account for" for Plaintiffs' belief that it was not time-barred from making a motion to amend notwithstanding the July 31, 2009 Scheduling Order. See Rowe, 2010 U.S. Dist. LEXIS 16185, at *14. Additionally, as discussed below, the Court does not foresee any significant prejudice to Lockheed by joining these new Plaintiffs at this juncture. Thus, the Court concludes that the July 31, 2009 Scheduling Order does not bar Plaintiffs' motion to amend.

### 2. Prejudice

Lockheed argues that even if Plaintiffs' motion is not barred by the Scheduling Order, Lockheed will be prejudiced by joining new plaintiffs at this juncture. Specifically, Lockheed argues that the addition of new plaintiffs will unnecessarily prolong discovery because it will require new discovery particular to each plaintiff's employment. Lockheed also argues that the addition of Ms. Goffney, Ms. Sosa, and Ms. de la Torre is unnecessary because their interests are protected as members of the putative class. Plaintiffs respond that adding new plaintiffs is important to ensure adequate class representation, discovery remains ongoing, and delay is alone insufficient to establish prejudice.

"The court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will . . . result in prejudice, expense or delay." Cincerella v. Egg Harbor Twp. Police Dep't, No. 06-1183, 2007 U.S. Dist. LEXIS 66283, at *8 (D.N.J. Sept. 6, 2007) (quoting 7 Charles Alan Wright, et al., Federal Practice and Procedure: §1652, at 395) (3d ed. 2001)). However, "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). Denial is

9

appropriate only if delay "become[s] 'undue,' placing an unwarranted burden on the court," or if it "become[s] 'prejudicial,' placing an unfair burden on the opposing party." Id. "Implicit in the concept of 'undue delay' is the premise that [p]laintiffs, in the exercise of due diligence, could have sought relief from the court earlier." In re Pressure Sensitive Labeldstock Antitrust Litig., No. MDL.03-1556, 2006 U.S. Dist. LEXIS 9827, at *1 (M.D. Pa. Jan. 3, 2006). "Tactical decisions and dilatory motives may lead to a finding of undue delay." Leary v. Nwosu, No. 05-5769, 2007 U.S. Dist. LEXIS 74202, at *4 (E.D. Pa. Oct. 2, 2007). However, "[t]here is no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir. 2006). "Whether delay is undue depends on the facts and circumstances of the case." Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., No. 05-0033, 2006 U.S. Dist. LEXIS 27889, at *4 (M.D. Pa. May 9, 2006).

The Court finds that Plaintiffs have not engaged in undue delay and that Lockheed will not be prejudiced by Plaintiffs' proposed amendments. First, it does not appear that additional discovery particular to Ms. Goffney, Ms. Sosa, and Ms. de la Torre will cause significant delay. The core of all Plaintiffs' claims is gender discrimination under Title VII based on disparate impact. All Plaintiffs claim that Lockheed's company-wide policies and practices have a disparate impact on female employees' compensation and advancement. The bulk of discovery necessary to develop this claim is not particular to any party. More importantly, the current Plaintiffs have already sought discovery relevant to company-wide gender discrimination based on disparate impact. Thus, the only additional discovery created by adding these new Plaintiffs is discovery particular to the new Plaintiffs' employment at Lockheed. Because discovery

remains open, the Court finds that any new discovery will not significantly burden Lockheed or substantially delay this matter.

Second, Plaintiffs did not unduly delay the joinder of new Plaintiffs or act with dilatory motives. In opposing Ms. Bell's motion to amend to add Ms. Walker, Lockheed argued that Ms. Walker could not be added as a named plaintiff because the EEOC had not yet issued her a right-to-sue letter. In granting leave to join Ms. Walker, Magistrate Judge Donio held that "Ms. Walker's Title VII proposed claims are not at this time premature" because the EEOC issued a right-to-sue letter while the motion was pending. (Civ. No. 08-6292, Doc. No. 207, at 28). Plaintiffs argue that, in light of Lockheed's position and Magistrate Judge Donio's finding, they waited to join new plaintiffs until they could demand right-to-sue letters from the EEOC pursuant to 29 C.F.R. § 1601.28, which requires the EEOC to issue a right-to-sue letter after 180 days from the filing of a charge of discrimination.

Without addressing whether a plaintiff must obtain a right-to-sue letter before moving to join an existing class action, the Court finds that Plaintiffs did not unduly delay joinder or act with dilatory motives. Ms. Goffney received her right-to-sue letter in May 2010 and filed her Complaint approximately ninety days later in August 2010. Ms. Sosa and Ms. de la Torre requested right-to-sue letters from the EEOC on December 14 and 17, 2010 respectively. Plaintiffs moved to join all three women on December 21, 2010. The timing of joinder was apparently driven by Plaintiffs' perception, created in part by Lockheed's position, that they could not add new plaintiffs until those plaintiffs were entitled to obtain right-to-sue letters from the EEOC. Thus, Plaintiffs' decision to wait for EEOC letters before moving to add new plaintiffs appears to be driven by a desire to avoid the multiplication of motions that would likely

occur if they moved to amend before obtaining right-to-sue letters. Plaintiffs did not unduly delay joinder of new plaintiffs.

### 3. Venue

Lockheed's principal objection to Ms. Goffney's action and to Plaintiff's motion to add Ms. Sosa is that this Court is the improper venue for their Title VII claims.[3]

"In ruling upon the defendants' motion to dismiss for lack of proper venue, the Court 'accepts the plaintiffs['] well-pled factual allegations regarding venue as true, . . . draws all reasonable inferences from those allegations in the plaintiffs['] favor, and …resolves any factual conflicts in the plaintiffs['] favor . . . . The court, however, need not accept the plaintiffs['] legal conclusions as true.'" Quarles v. Gen. Inv. & Dev. Co., 260 F. Supp. 2d 1, 8 (D.D.C. 2003) (quoting James v. Booz-Allen & Hamilton, Inc., 227 F. Supp. 2d 16, 20 (D. D.C. 2002) (citation omitted)). A defendant seeking dismissal or transfer for improper venue bears the burden of showing that venue is improper. See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982) (defendant moving to dismiss for improper venue pursuant to Rule 12(b)(3) bears burden of proving improper venue); Colon v. Pitney Bowes Corp., No. 06-5016, 2007 U.S. Dist. LEXIS 9454, at *6-7 (D.N.J. Feb. 8, 2007) (the party moving for transfer of venue pursuant to 28 U.S.C. § 1404(a) bears the burden of showing that an alternative forum is more appropriate).

Venue in civil actions is generally governed by 28 U.S.C. § 1391. However, Title VII contains its own venue provision. See 42 U.S.C. § 2000e-5(f)(3). Title VII's venue provision is "mandatory and well-settled, thereby rendering other general venue statutes inapplicable." Vincent v. Woods Servs., No. 08-1007, 2008 U.S. Dist. LEXIS 27781, at *2 (D.N.J. Apr. 4, 2008); see Colon, 2007 U.S. Dist. LEXIS 9454, at *6-7. Consequently, "[a] civil action in which

---

[3] Lockheed does not raise a venue objection to joinder of Ms. de la Torre because Lockheed employed Ms. de la Torre in New Jersey, thereby satisfying Title VII's venue provision. See 42 U.S.C. § 2000e-5(f)(3) (stating that venue is proper in the district where the alleged unlawful employment practice occurred).

12

claims are asserted pursuant to Title VII . . . must be brought in the judicial district where (1) the alleged unlawful employment practice was committed, (2) the employment records relevant to such practice are maintained and administered, or (3) the plaintiff would have worked but for such practice." Colon, 2007 U.S. Dist. LEXIS 9454, at *6-7 (citing 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117(a)).

However, a defendant may waive objections to venue because venue is not jurisdictional. D'Addario v. Geller, 264 F. Supp. 2d 367, 392 (E.D. Va. 2003). "Jurisdiction is the power to adjudicate, while venue relates to the place where judicial authority may be exercised and is intended for the convenience of the litigants." Id. Thus, unlike objections to subject-matter jurisdiction, which may not be waived, a party may waive objections to venue. See Neirbo v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939) (holding that an objection to venue "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.").

Pursuant to Rule 12(h)(1), a party waives objections to venue by not raising those objections in a motion before a responsive pleading or in the first responsive pleading. See S. Seas Catamaran, Inc. v. Motor Vessel Leeway, 120 F.R.D. 17, 20 (D.N.J. 1988) (holding that defendant waived objections to venue by not including them in pre-answer motion). The only exception to Rule 12(h) is when the objection to venue was not available at the time the party answered or made a pre-answer motion. See Fed. R. Civ. P. 12(g); Rowley v. McMillan, 502 F.2d 1326, 1333 (4th Cir. 1974). However, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." 5C Charles Alan Wright, et al., Federal Practice & Procedure § 1388, at 491 (4th ed. 2009); Rowley, 502 F.2d at 1332-33.

13

Here, Plaintiffs argue that Lockheed waived its right to object to venue regarding Ms. Goffney and Ms. Sosa because Lockheed previously waived any objections regarding Ms. Abt and Ms. Walker, and the four women's allegations are indistinguishable for purposes of venue. Lockheed responds that Title VII's venue provision is fact-specific and that Lockheed was not required to object to venue regarding Ms. Sosa and Ms. Goffney until it became aware of their particular allegations. Thus, the issue before the Court is whether Lockheed's waiver of venue as to Ms. Abt and Ms. Walker constitutes waiver of venue as to Ms. Sosa and Ms. Goffney.[4] The Court concludes that Lockheed waived its right to object to venue regarding Ms. Sosa and Ms. Goffney.

The parties cite only one case directly addressing the issue and the Court's independent research did not reveal any additional authority. In Lanehart v. Devine, 102 F.R.D. 592, 593 (D. Md. 1984), seven federal firefighters brought class claims against the government under the Tucker Act, 28 U.S.C. § 1346(a)(2), in the United States District Court for the District of Maryland. The Tucker Act's venue provision provides that "'any civil action against the United States . . . may be prosecuted only . . . in the judicial district where the plaintiff resides.'" Id. (quoting 28 U.S.C. § 1402). The putative class was broad and included other similarly situated persons outside of Maryland. Id. at 594-95. Additionally, one of the named plaintiffs was not a Maryland resident. Id. at 593. However, the government answered the complaint without objecting to venue in the District of Maryland. Id. The plaintiffs subsequently moved to join

---

[4] The Court rejects Lockheed's argument that it did not waive objections as to venue regarding Ms. Abt and Ms. Walker. In response to Plaintiffs' allegation in their Second Amended Complaint that venue in this Court is proper, Lockheed answered that this was a conclusion of law "as to which no response is necessary." (Answer to Second Am. Compl., ¶ 16). However, in Lockheed's affirmative defenses, it pleads that "[v]enue is improper as to all putative defendants except Lockheed Martin." (Id. at 66). By conceding that venue was proper as to all claims against Lockheed, Lockheed necessarily waived any objections to venue in this Court regarding Ms. Abt and Ms. Walker.

14

new plaintiffs, several of whom were not residents of Maryland. Id. The government opposed joinder of the new plaintiffs based on improper venue. Id.

The court held that a defendant in a class action can waive its right to object to venue regarding subsequently named plaintiffs if the defendant previously waived objections to venue regarding similarly situated named plaintiffs. Id. at 594-95. The court further held that the government waived any objections to venue regarding the new plaintiffs because: (1) the defense of improper venue was originally available at the time the government filed its answer; and (2) the broad scope of the putative class put the government "on notice that plaintiffs other than those named, for whom venue might be improper, might exist." Id.

The Court finds Lanehart persuasive. First, Rule 12(h)(1) requires that a defendant raise threshold objections such as venue as soon as they are "available." See Fed. R. Civ. P. 12(h)(1)(A) (requiring motions to be made as provided by Rule 12(g)(2), which provides that a party must consolidate all motions under Rule 12 that are "available to the party"); Briksza v. Moloney, No. 08-1785, 2009 U.S. Dist. LEXIS 52205, at *12-13 (D.N.J. June 19, 2009). "'The law is clear that in determining whether venue for a putative class action is proper, courts are to look only at the allegations pertaining to the named representatives,'" Tahir, 2009 U.S. Dist. LEXIS 115879, at *15 (quoting Cook v. UBS Fin. Servs., Inc., No. 05-8842, 2006 U.S. Dist. LEXIS 12819, at *6 n.2 (S.D.N.Y. Mar. 21, 2006)), and each individual named plaintiff must satisfy the applicable venue provision, Quarles, 260 F. Supp. 2d at 13 (D.D.C. 2003). Thus, when Ms. Abt and Ms. Walker were joined as out-of-state named Plaintiffs, the defense of improper venue was "available" to Lockheed. Rule 12(h) therefore required Lockheed to raise or preserve that defense in its pre-answer motion to dismiss or responsive pleading. Lockheed did not do so, and Rule 12(h)(1) prohibits it from reviving that same objection to venue

regarding Ms. Goffney and Ms. Sosa. Cf. Rowley, 502 F.2d at 1333 ("[A]n amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading. An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.").

Second, Lanehart furthers Rule 12(h)'s underlying purpose of ensuring that threshold objections such as improper venue are not asserted piecemeal. See Flory v. United States, 79 F.3d 24, 25 (5th Cir. 1996) ("The purpose of the Rule 12(h)(1) automatic waiver provision is to encourage the consolidation of motions and discourage the dilatory device of making them in a series."). When Ms. Goffney and Ms. Sosa were joined, Lockheed had an opportunity to raise objections to venue based on the joinder of out-of-state Plaintiffs. Lockheed chose not to object to venue regarding Ms. Goffney and Ms. Sosa. It would undermine the purpose of Rule 12(h) to now permit Lockheed to raise the exact same objection to venue regarding subsequently joined out-of-state Plaintiffs. If Rule 12(h)'s automatic wavier provision has any application in class actions such as this, it must require defendants to assert the threshold objections enumerated in Rule 12(h)(1) at the first opportunity.

Third, Lockheed nevertheless argues that Lanehart is "of no value to the Court" because Lanehart did not specifically address Title VII's venue provision, which requires a "detailed" venue analysis "that must be addressed on an individual plaintiff basis." (Letter from Cheryl M. Stanton, Esq. dated Feb. 11, 2011, at 4). Even if the Court accepts Lockheed's incorrect assertion that Lanehart did not address a venue provision analogous to Title VII's venue provision,[5] there are no pertinent factual differences between Ms. Abt and Ms. Walker's claims

---

[5] Lockheed asserts that "Lanehart was a FLSA [sic] which, unlike Title VII, involves no exclusive and detailed venue analyses that must be addressed on an individual plaintiff basis." (Letter from Cheryl M. Stanton, Esq. dated

and Ms. Sosa and Ms. Goffney's claims. None of the four women reside or work in New Jersey, none allege that Lockheed discriminated against them in New Jersey, and none allege that they would have worked for Lockheed in New Jersey but for the alleged discrimination. See 42 U.S.C. § 2000e-5(f)(3). Under Title VII's venue provision, this Court is not the proper venue for any of their Title VII claims. Thus, Ms. Goffney and Ms. Sosa's new allegations do not add any new facts relevant to the venue analysis. If Lockheed wished to object to joinder of out-of-state plaintiffs based on improper venue, it should have raised that objection when Ms. Abt and Ms. Walker were joined.

**B. Plaintiffs' Motion to Consolidate and Lockheed's Motion to Dismiss**

Ms. Goffney represents to the Court that "[s]hould the Court grant permission for plaintiffs to file the Third Amended Complaint, Ms. Goffney would dismiss her separately pending action to join [the Bell Litigation.]." (Pls.' Br. in Support of Leave to File Third Am. Compl., at 2 n.1). As discussed above, Ms. Goffney is properly added to the Bell Litigation as a named Plaintiff. If Ms. Goffney dismisses her Complaint, Plaintiffs' motion to consolidate and Lockheed's motion to dismiss will be moot. Thus, the Court stays decision regarding Plaintiffs' motion to consolidate and Lockheed's motion to dismiss for ten days from the date that Plaintiffs file the proposed Third Amended Complaint pursuant to L. Civ. R. 7.1(f) so that Ms. Goffney may dismiss her Complaint in the Goffney Matter.

---

Feb. 11, 2011, at 4). Lockheed is incorrect. Although the plaintiffs in <u>Lanehart</u> asserted FLSA claims, they sought damages against the federal government under the Tucker Act. The case therefore turned on the Tucker Act's specific venue provision. <u>See</u> <u>Lanehart</u>, 102 F.R.D. at 593 ("The applicable venue provision under the Tucker Act, 28 U.S.C. § 1402, provides . . . ."). Contrary to Lockheed's assertion, the Tucker Act's venue provision, like Title VII, provides that venue is determined on an "individual plaintiff basis." <u>See</u> 28 U.S.C. § 1402 (stating that venue is proper in the district "<u>where</u> <u>the</u> <u>plaintiff resides</u>") (emphasis added).

17

### III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiffs' motion for leave to file the proposed Third Amended Complaint in the Bell Litigation. Because Ms. Goffney has represented to the Court that she will dismiss her Complaint in the Goffney Matter should the Court grant Plaintiffs' motion for leave to amend, the Court stays decision regarding Plaintiffs' motion to consolidate and Lockheed's motion to dismiss for ten days from the date that Plaintiffs file the proposed Third Amended Complaint pursuant to L. Civ. R. 7.1(f).


Dated: 4/18/2011 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge